1   FRED M. PLEVIN (SBN 126185)
    fplevin@paulplevin.com
2   GREGORY A. KLAWITTER (SBN 222746)
    gklawitter@paulplevin.com
3   **PAUL, PLEVIN, SULLIVAN &**
    **CONNAUGHTON** LLP
4   401 B Street, Tenth Floor
5   San Diego, California 92101-4232
    Telephone: 619-237-5200
6   Facsimile: 619-615-0700

7
    Attorneys for Defendant
8   TWO JINN, INC.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12  DAVID ESPARZA, individually,          CASE NO. SACV 09-00099 AG (RNBx)
    and on behalf of the general public
13  and all others similarly situated,    [CLASS ACTION]

14                                         **DEFENDANT TWO JINN, INC.'S**
                    Plaintiff,             **MOTION FOR JUDGMENT ON THE**
15                                         **PLEADINGS**
             v.
16                                         **[FRCP Rule 12(c)]**
17  TWO JINN, INC., a California
    corporation doing business as
18  "Aladdin Bail Bonds;" and DOES 1
    through 10, inclusive,                 Date:            July 20, 2009
19                                         Time:            10:00 a.m.
                    Defendants.            **Judge:          Andrew J. Guilford**
20                                         **Courtroom:      10D**
                                           Magistrate Judge: Robert N. Block
21                                         Courtroom:       6D
                                           Trial Date:      Not set
22                                         Complaint Filed: January 22, 2009

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

SACV 09-00099 AG (RNBx)

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF THE COMPLAINT ............................................................... 3

III. THE COURT SHOULD DISMISS ESPARZA'S SECOND AND THIRD
     CAUSES OF ACTION AS FAILING TO STATE A CLAIM UPON
     WHICH RELIEF MAY BE GRANTED ........................................................... 4

     A.   The Exclusive Remedy Doctrine Bars Esparza's State Law Claims. ................. 6

          1.   The FLSA Provides an "Elaborate" and Comprehensive
               Enforcement Scheme. ....................................................................... 6

          2.   Esparza's Labor Code Section 203 and Business &
               Professions Code Section 17200 Claims Are Barred by the
               Plain Language of the FLSA. ............................................................ 8

     B.   Esparza's State Law Claims Are Duplicative and Would Lead to
          Double Recovery. ................................................................................... 12

          1.   Esparza's State Law Claims are Duplicative. ............................ 12

          2.   Esparza's State Law Claims Would Result in Double
               Recovery. ...................................................................................... 15

     C.   Esparza's Section 17200 Claim Would Eviscerate the FLSA's
          Statute of Limitations and Burden of Proof. ..................................... 18

     D.   Esparza's State Law Claims Would Distort the FLSA's Collective
          Action Procedural Mechanism and Lead to Confusion. .................. 19

     E.   Esparza Cannot Anchor His 17200 Claim To His Labor Code
          Section 203 Claim Or His FLSA Claim For Liquidated Damages ............ 22

IV.  CONCLUSION .................................................................................................. 24

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3    *Abbot by Abbot v. American Cyanamid Co.*
       844 F.2d 1108 (4th Cir. 1988) ................................................................................7
4
     *Adams v. United States*
5       48 Fed. Cl. 602 (Fed. Cl. 2001) ............................................................................16

6    *Anderson v. Sara Lee Corp.*
       508 F.3d 181 (4th Cir. 2007) ..............................................................7, 14, 15, 19
7
     *Bahramipour v. Citigroup Global Markets, Inc.*
8       2006 WL. 449132 (N.D. Cal. 2006) .................................................................10, 11

9    *Barnett v. Washington Mutual Bank, FA*
       2004 WL. 2011462 (N.D. Cal. 2004) .....................................................................10
10
     *Braswell v. City of El Dorado*
11      187 F.3d 954 (8th Cir.1999) ..................................................................................16

12   *Breeden v. Benchmark Lending Group, Inc.*
       229 F.R.D. 623 (N.D. Cal. 2005) ............................................................................10
13
     *Broadus v. O.K. Indus., Inc.*
14      238 990, 992 (8th Cir.2001) ...................................................................................16

15   *Brock v. Shirk*
       833 F.2d 1326 (9th Cir. 1987) ...............................................................................16
16
     *Brock v. Superior Care, Inc.*
17      840 F.2d 1054 (2d Cir.1988) ..................................................................................16

18   *Brooklyn Savings Bank v. O'Neil*
       324 U.S. 697 (1945) ...............................................................................................15
19
     *Bureerong v. Uvawas*
20      922 F. Supp. 1450 (C.D. Cal. 1996) .......................................................................10

21   *Campbell v. Pricewaterhouse Coopers*
       2008 WL. 3836972 (E.D. Cal. 2008) ......................................................................23
22
     *C.D. Joiner v. City of Macon*
23      814 F.2d 1537 (11th Cir.1987) ..............................................................................16

24   *Chellen v. John Pickle Co., Inc.*
       446 F. Supp. 2d 1247 (N.D. Okla. 2006) ..................................................................8
25
     *Chen v. St. Beat Sportswear, Inc.*
26      364 F. Supp. 2d 269 (E.D. N.Y. 2005) ...................................................................14

27   *Choimbol v. Fairfield Resorts, Inc.*
       2006 WL. 2631791 (E.D. Va. 2006) ......................................................................14
28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

ii

SACV 09-00099 AG (RNBx)

*Corrections USA v. Dawe*
   504 F. Supp. 2d 924 (E.D. Cal. 2007) ...............................................................3

*Department of Labor v. City of Sapulpa*
   30 F.3d 1285 (10th Cir.1994) ........................................................................16

*Edwards v. City of Long Beach*
   467 F. Supp. 2d 986 (C.D. Cal. 2006) ........................................................20, 21

*Flores v. Albertson's, Inc.*
   2003 WL. 24216269 (C.D. Cal. 2003) ..............................................................14

*Hasken v. City of Louisville*
   213 F.R.D. 280 (W.D. Ky. 2003) ....................................................................21

*Johnston v. Davis Sec., Inc.*
   217 F. Supp. 2d 1224 (D. Utah 2002) ..............................................................14

*Kendall v. City of Chesapeake*
   174 F.3d 437 (4th Cir. 1999) ...........................................................................7

*LaChapelle v. Owens-Illinois, Inc.*
   513 F.2d 286 (5th Cir. 1975) .........................................................................19

*Lambert v. Ackerly*
   180 F.3d 997 (9th Cir.1999) .............................................................................3

*Lerwill v. Inflight Motion Pictures*
   343 F. Supp. 1027 (N.D.Cal.1972) .................................................................17

*Leuthold v. Destination America, Inc.*
   224 F.R.D. 462 (N.D. Cal. 2004) ...............................................................20, 21

*Lopez v. Flight Services & System, Inc.*
   2008 WL. 203028 (W.D.N.Y. 2008) ...............................................................13

*Martin v. Cooper Electric Supply Co.*
   940 F.2d 896 (3rd Cir.1991) ..........................................................................16

*McGlinchy v. Shell Chemical Co.*
   845 F.2d 802 (9th Cir. 1988) ...........................................................................4

*McMaster v. State of Minn.*
   30 F.3d 976 (8th Cir. 1994) ...........................................................................13

*Mersnick v. USProtect Corp.*
   2006 WL. 3734396 (N.D. Cal. 2006) ................................................................8

*Moeck v. Gray Supply Corp.*
   2006 WL. 42368 (D.N.J. 2006) .......................................................................14

*Montecino v. Spherion Corp.*
   427 F. Supp. 2d 965 (C.D. Cal. 2006) .........................................................5, 23

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

iii

SACV 09-00099 AG (RNBx)

*Moore v. Freeman*
    355 F.3d 558 (6th Cir.2004) ............................................................. 3

*Morrow v. Green Tree Servicing, L.L.C.*
    360 F. Supp. 2d 1246 (M.D. Ala. 2005) ...................................... 14

*National R.R. Passenger Corp. v. National Association of R.R. Passengers*
    414 U.S. 453 (1974) ........................................................................ 6

*Nettles v. Techplan Corp.*
    704 F. Supp. 95 (D.S.C. 1988) .................................................... 14

*Powell v. Florida*
    132 F.3d 677 (11th Cir.1998) ........................................................ 9

*Rodriguez v. The Texan, Inc.,*
    2001 WL 1829490 (N.D. Ill. 2001) ............................................ 20

*Roman v. Maietta Const., Inc.*
    147 F.3d 71 (1st Cir. 1998) ................................................. 9, 15, 16

*Romero v. Producers Dairy Foods, Inc.*
    235 F.R.D. 474 (E.D. Cal.2006) ................................................ 10

*Rosenberg v. IBM Corp.*
    2007 WL 2043855 (N.D. Cal. 2007) ......................................... 7, 9

*Ross v. U.S. Bank National Association*
    2008 WL 4447713 (N.D. Cal. 2008) ........................................... 24

*Rubin v. Wal-Mart Stores, Inc.*
    599 F. Supp. 2d 1176 (N.D. Cal. 2009) ..................................... 23

*Saunders v. Hunter*
    980 F. Supp. 1236 (M.D. Fla. 1997) ............................................ 7

*Sorensen v. CHT Corp.*
    2004 WL 442638 (N.D. Ill. 2004) .............................................. 14

*Sullivan v. Oracle Corp.*
    547 F.3d 1177 (9th Cir. 2008) .................................................... 11

*Sullivan v. Oracle Corp.*
    557 F.3d 979 (9th Cir. 2009) ................................................. 11, 12

*Takacs v. A.G. Edwards and Sons, Inc.*
    444 F. Supp. 2d 1100 (S.D. Cal. 2006) ................................. 10, 11

*Tomlinson v. Indymac Bank, F.S.B.*
    359 F. Supp. 2d 891 (C.D. Cal. 2005) ........................... 5, 10, 22-24

*Transamerica Mortgage Advisors, Inc. v. Lewis*
    444 U.S. 11 (1979) ......................................................................... 6

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

iv

SACV 09-00099 AG (RNBx)

*Travis v. Gary Community Health Crt., Inc.*
        921 F.2d 108 (7th Cir.1990) .................................................................3

*Uphoff v. Elegant Bath, Ltd.*
        176 F.3d 399 (7th Cir.1999) ...............................................................16

*Villegas v. J.P. Morgan Chase & Co.*
        2009 WL. 605833 (N.D. Cal. 2009) ....................................................23

*Watson v. Graves*
        909 F.2d 1549 (5th Cir. 1990) ............................................................13

*Williamson v. General Dynamics Corp.*
        208 F.3d 1144 (9th Cir. 2000) ...........................................7, 13, 14, 17

*Yeagley v. Wells Fargo & Co.*
        2006 WL. 193257 (N.D. Cal. 2006) ......................................................6

## STATE CASES

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telegraph Co.*
        20 Cal. 4th 163 (1999) ......................................................................22

*Cortez v. Purolator Air Filtration Products Co.*
        23 Cal. 4th 163 (2000) ......................................................................22

*Korea Supply Co. v. Lockheed Martin Corp.*
        29 Cal. 4th 1134 (2003) ..................................................................9, 22

*McCoy v. Superior Court*
        157 Cal. App. 4th 225 (2007) ............................................................24

*Naranjo v. Spectrum Sec. Services, Inc.*
        172 Cal. App. 4th 654 (2009) ............................................................23

*Ramirez v. Yosemite Water Co., Inc.*
        20 Cal. 4th 785 (1999) ........................................................................2

## FEDERAL STATUTES

29 C.F.R. § 779.318(a) .................................................................................1

29 C.F.R. § 779.411 .....................................................................................1

29 U.S.C. § 202(a)(3) .................................................................................13

29 U.S.C. § 207(i) .........................................................................................1

29 U.S.C. § 211 .............................................................................................7

29 U.S.C. § 216(b) ..................................................................5-9, 15, 16, 19, 23

29 U.S.C. § 218(a) .........................................................................................7

29 U.S.C. § 255(a) ..................................................................................18, 19

42 U.S.C. § 1983 .................................................................................................................8

FRCP Rule 12 ...................................................................................................2, 3, 4, 24

FRCP Rule 23 ................................................................................................................19, 20

## STATE STATUTES

26 Me. Rev. Stat. Ann. § 621(1) ................................................................................16

Business & Professions Code § 17200 ............................ 1-5, 8-14, 17-19, 22-24

California Labor Code § 201 .................................................................................3, 4

California Labor Code § 202 .................................................................................3, 4

California Labor Code § 203 ....................................................... 1-5, 8, 13, 22, 23

California Labor Code § 207 ......................................................................................3

California Labor Code § 226 ...................................................................................23

Cal. Wage Order 4-2001(3)(D) ...........................................................................1, 12

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

vi

SACV 09-00099 AG (RNBx)

# I.

# INTRODUCTION

Defendant Two Jinn, Inc., d/b/a Aladdin Bail Bonds ("Aladdin") is a retail bail service provider with over 40 retail offices in California. Plaintiff David Esparza worked in one of those offices as a retail bail agent for approximately one year. In his action for unpaid overtime wages based upon the Fair Labor Standards Act ("FLSA"), Esparza attempts to elude the restrictions of the FLSA and append additional state law remedies to those allowed under the FLSA. With this motion, Aladdin seeks to limit Esparza's remedies for alleged FLSA violations to the express remedies Congress set forth in the FLSA.

Under the FLSA, an employee may recover a maximum of three years of unpaid wages, plus liquidated damages where wage payments are delayed. Recognizing this remedial scheme as "unusually elaborate," federal courts have applied the well-established "exclusive remedy" doctrine to prevent plaintiffs from pursuing any remedies for FLSA violations in addition to those specifically provided for in the statute.

In this case, Esparza seeks the full range of remedies available under the FLSA. In addition, however, he also improperly seeks "waiting time" penalties created by section 203 of the California Labor Code and additional "restitution" under California Business & Professions Code section 17200. But unlike a typical "hybrid" state/federal wage and hour action, Esparza does not seek wages under California law -- nor could he, in light of the overtime exemption at issue here.[1]

---

[1] Esparza alleges Aladdin's retail bail agents are not exempt under the "retail or service establishment" exemption. Under federal law, this exemption contains a "retail concept" requirement. See 29 U.S.C. § 207(i); 29 C.F.R. § 779.318(a); 29 C.F.R. § 779.411. Here, Aladdin expects Esparza to argue that Aladdin's retail bail agents do not work for a retail or service establishment. However, unlike the FLSA, California's inside sales exemption contains no "retail concept" requirement and, as such, Esparza has no basis to challenge retail bail agents' overtime exemption under California law. See Cal. Wage Order 4-2001(3)(D) (footnote continued on next page)

1    In short, Esparza's state law remedial claims rest entirely on alleged FLSA

2  violations.  As such, these state law claims are nothing more than an attempt to

3  expand upon the remedies Congress provided in the FLSA.  The exclusive remedy

4  doctrine precludes Esparza's attempt to use state law as a vehicle for pursuing new

5  remedies for alleged FLSA violations.

6    In addition, Esparza's state law claims cannot be squared with the opt-in

7  procedure and burden of proof created by Congress in enacting and amending the

8  FLSA.  Although some courts have found such discord palatable where there are

9  substantive state law wage claims, it is unacceptable where a plaintiff (like Esparza

10  here) pleads no state law violation and bootstraps an unfair competition claim and

11  California Labor Code remedy to an FLSA claim merely to expand the remedies

12  Congress provided under the FLSA.  Indeed, Congress could not have been clearer:

13  violation of the FLSA affords two years of back wages, an additional third year for

14  a willful violation, and liquidated damages unless the employer acted in good faith.

15  Esparza's unauthorized use of California Business and Professions Code section

16  17200 and California Labor Code section 203 would distort the FLSA's remedial

17  scheme, alter the class certification procedure Congress specified for FLSA claims

18  and expand the period of potential liability to four years.  Congress neither

19  intended nor authorized these results.

20    Accordingly, the Court should dismiss Esparza's second and third causes of

21  action in their entirety.[2]

22

23  (footnote continued from previous page)

24  (commissioned sales exemption applies where employee's earnings exceed one and
    one-half times the state's minimum wage, and more than fifty percent of each

25  employee's earnings are derived from commissions); *see also Ramirez v. Yosemite
    Water Co., Inc.*, 20 Cal.4th 785, 803 (1999).

26  [2] Alternatively, the Court should strike portions of Esparza's Complaint, as

27  specified in the Notice of Motion, under Rule 12(f), which specifically authorizes
    the Court to strike a pleading or any portion thereof on its own motion at any time.

28  (footnote continued on next page)

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

2

SACV 09-00099 AG (RNBx)

## II.

## SUMMARY OF THE COMPLAINT

This motion for judgment on the pleadings is based on the following allegations of Esparza's Complaint.

Esparza allegedly worked as a retail bail agent for defendant Aladdin from 2005 until 2008.  (Complaint ["Compl."] ¶ 3.)  Esparza alleges that Aladdin failed to compensate him "for overtime hours worked," and he seeks recovery of "all other applicable damages and penalties legally recoverable."  (Compl. ¶ 10.)  Esparza purports to bring his claims against Aladdin on behalf of a putative "collective class" and a "California class."  (Compl. ¶ 3.)  His specific causes of action assert violations of the FLSA, California Labor Code section 201-203, and California Business & Professions Code section 17200.  (Compl. ¶ 11.)

In his first cause of action, Esparza alleges that Aladdin willfully failed to pay him for all overtime hours worked in violation of section 207 of the FLSA.  (Compl. ¶ 34.)  His fourth cause of action, also based on the FLSA, seeks liquidated damages based on Aladdin's alleged willful delay in paying overtime, in violation of section 207(o).  (Compl. ¶¶ 46-47, 50.)  Thus, Esparza seeks the full range of remedies Congress authorized for violations of the FLSA.[3]

Esparza's second cause of action charges Aladdin with violating California

---

(footnote continued from previous page)

*See* F.R.C.P. 12(f)(1); *Corrections USA v. Dawe*, 504 F.Supp.2d 924, 930 (E.D. Cal. 2007).

[3] Indeed, Esparza seems to seek FLSA remedies beyond the specific FLSA claims he has pled.  Specifically, in addition to allegedly unpaid overtime and liquidated damages, he also seeks "compensatory damages." *See* Prayer for Relief, ¶ 1. However, such damages are only available in the context of a retaliation claim under the FLSA. *See Moore v. Freeman*, 355 F.3d 558, 563-64 (6th Cir.2004); *Travis v. Gary Cmty. Health Crt., Inc.*, 921 F.2d 108, 111-12 (7th Cir.1990); *Broadus v. O.K. Indus., Inc.*, 238 990, 992 (8th Cir.2001); *Lambert v. Ackerly*, 180 F.3d 997, 1011 (9th Cir.1999).

1  Labor Code sections 201-203.  (Compl. ¶¶ 36-40.)  No right to overtime wages is

2  alleged based on California law; this claim is based entirely on Esparza's allegation

3  that upon the termination of his employment, Aladdin failed to pay him overtime

4  wages required by the FLSA.  Based on this allegation, Esparza seeks the

5  additional state law remedy of thirty days of wages under Labor Code section 203.

6  (Compl. ¶¶ 36-40.)

7       Esparza's third cause of action is based on California Business &

8  Professions Code section 17200, and is also based solely on Aladdin's alleged

9  failure to pay him overtime compensation as required by the FLSA.  (Compl. ¶¶ 42,

10  43.)  In this cause of action, Esparza seeks "restitution" for unpaid overtime as

11  provided under the FLSA, but he expands upon the FLSA by seeking a third year

12  of overtime pay without the "willful" showing required by the FLSA, and by

13  seeking an additional fourth year of overtime pay that Congress did not authorize

14  in the FLSA.  (Compl. ¶¶ 41-44.)

15       Thus, Esparza's complaint is unusual in that he has unequivocally limited

16  his wage claims to alleged FLSA violations.  Neither the second nor third causes of

17  action allege that Esparza is owed wages under California law, yet both claims seek

18  remedies for Aladdin's alleged violation of the FLSA beyond the remedies set forth

19  by Congress.

20                                    **III.**

21  **THE COURT SHOULD DISMISS ESPARZA'S SECOND AND THIRD**

22  **CAUSES OF ACTION AS FAILING TO STATE A CLAIM UPON WHICH**

23                   **RELIEF MAY BE GRANTED**

24       "After the pleadings are closed but within such time as not to delay the trial,

25  any party may move for judgment on the pleadings."  Fed. R. Civ. Proc. 12(c).

26  Where a motion for judgment on the pleadings raises the defense of failure to state

27  a claim, the pleadings face the same test as a motion under Rule 12(b)(6).  *See*

28  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

1    Esparza's second and third causes of action fail as a matter of law.  These

2 claims cannot stand because Congress set forth a detailed and carefully defined

3 right of action and remedial scheme for violations of the FLSA, including a

4 maximum recovery period of three years and a specific remedy for the delayed

5 payment of overtime.  Congress did not, however, provide the remedy of "waiting

6 time penalties," restitution, or the potential for four years of unpaid overtime.

7    Thus, Esparza's claim for waiting time penalties is a duplicative and

8 superfluous cause of action that, if it stands, would result in double recovery under

9 a lower burden of proof.  Esparza's section 17200 claim would likewise expand the

10 remedies available under the FLSA from the possibility of three years of unpaid

11 wages upon a showing of "willfulness," to a recovery of four years wages without

12 the requisite showing of a willful violation of the FLSA.  And, restitutionary

13 payments under section 17200 would also constitute double recovery.[4]

14    Not only would Esparza's state law claims allow him to obtain a

15 significantly greater recovery than Congress contemplated when enacting the

16 FLSA, his state law claims would lead to recovery on behalf of employees who

17 never consented to joining his lawsuit and would create an untenable and

18 confusing hybrid class action where opt-in class procedures would clash with the

19 administration of an opt-out class.

20    For these reasons, the Court should grant Aladdin's motion for judgment on

21 the pleadings as to Esparza's second and third causes of action.

22 ───────────────
[4] Esparza's section 17200 claim has additional defects.  It purports to attach to
23 Esparza's second count for waiting time penalties under California law and to his
claim for liquidated damages under the FLSA.  However, it is well settled that
24 remedial claims seeking penalties cannot support a section 17200 claim as a matter
of law.  *See Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 967 (C.D. Cal.
25 2006) [holding section 203 claim could not support a section 17200 claim because
payments under Section 203 are penalties]; *Tomlinson v. Indymac Bank, F.S.B.*,
26 359 F.Supp.2d 891 (C.D. Cal. 2005) ["Plaintiffs' claims based on Section 203 and
27 Section 216(b) [the FLSA's liquidated damages provision] are not restitutionary,
and thus not recoverable under the UCL."]

28

**A.      The Exclusive Remedy Doctrine Bars Esparza's State Law Claims.**

1          The United States Supreme Court has endorsed the long standing principle
2   of statutory construction known as the exclusive remedy doctrine.  Pursuant to this
3   ancient maxim, where a statute expressly provides a particular remedy or remedies,
4   courts should not expand the coverage of the statute to subsume other remedies.
5   *See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S.
6   453, 458 (1974).  Indeed, courts have held that "it is an elemental cannon of
7   statutory construction that where a statute expressly provides a particular remedy
8   or remedies, a court must be wary of reading others into it."  *Yeagley v. Wells*
9   *Fargo & Co.,* 2006 WL 193257, *2 (N.D. Cal. 2006); citing *Transamerica*
10  *Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ["When a statute limits a
11  thing to be done in a particular mode, it includes the negative of any other mode."]

12         As discussed below, Esparza's state law claims are tethered only to his claim
13  for unpaid overtime under the FLSA.  They are therefore barred by the exclusive
14  remedy doctrine.

**1.      The FLSA Provides an "Elaborate" and Comprehensive
            Enforcement Scheme.**

15         The FLSA specifically prescribes conduct and provides an express remedy
16  for the violation of its provisions.  Significantly, the remedial section of the FLSA,
17  section 216(b), provides:

18             [A]ny employer who violates the provisions of section
19             206 or section 207 of this title shall be liable to the
20             employee or employees affected in the amount of their...
21             unpaid overtime compensation, as the case may be, and in
22             an additional equal amount as liquidated damages.

1   29 U.S.C. § 216(b).[5]  In addition, Congress vested the Secretary of Labor, not

2   private litigants, with the exclusive right to pursue injunctive relief for FLSA

3   violations.  *See* 29 U.S.C. § 211; *Rosenberg v. IBM Corp.,* 2007 WL 2043855, *3

4   (N.D. Cal. 2007) ["The FLSA does not provide a private right of action for

5   injunctive relief."]

6          Courts have recognized, therefore, that "the FLSA provides an unusually

7   elaborate enforcement scheme."  *Kendall v. City of Chesapeake*, 174 F.3d 437, 443

8   (4th Cir. 1999); *see also Williamson v. General Dynamics Corp.*, 208 F.3d 1144,

9   1154 (9th Cir. 2000) [" … we are reluctant to allow a plaintiff to circumvent the

10  FLSA's comprehensive statutory remedies"]; *Anderson v. Sara Lee Corp.*, 508

11  F.3d 181, 192-193 (4th Cir. 2007) ["[T]he FLSA does not explicitly authorize

12  states to create alternative remedies for FLSA violations."]  And, because of the

13  FLSA's unusually elaborate enforcement scheme, courts presume it exclusively

14  defines the private remedies available for a violation of its provisions.  *See Abbot*

15  *by Abbot v. American Cyanamid Co.*, 844 F.2d 1108, 1112 (4th Cir. 1988).  Indeed,

16  courts have applied the exclusive remedy doctrine to dispose of FLSA claims

17  brought under other federal laws.  *See Kendall*, *supra*, at 174 F.3d at 443

18  [explaining that "[i]n the FLSA Congress manifested a desire to exclusively define

19  the private remedies available to redress violations of the statute's terms" and

20  dismissing claim under 42 U.S.C. section 1983 to enforce rights to overtime

21  compensation]; *Saunders v. Hunter*, 980 F.Supp. 1236, 1245 (M.D. Fla. 1997)

---

22  [5] The FLSA contains a limited "savings clause" which expressly allows states to
23  enact minimum wage and overtime laws that are more favorable to employees than
    the FLSA.  It states:  "[N]o provision of this chapter or of any order thereunder
24  shall excuse noncompliance with any Federal or State law or municipal ordinance
    establishing a minimum wage higher than the minimum wage established under
25  this chapter or a maximum work week lower than the maximum workweek
    established under this chapter."  29 U.S.C. § 218(a).  Waiting time penalties and
26  restitution, however, are neither higher minimum wages nor lower workweek
27  maximums.  Accordingly, this "savings clause" is inapplicable to Esparza's state
    law claims.

28

1    [dismissing section 1983 claim based on FLSA exclusivity]; *Chellen v. John Pickle*

2    *Co., Inc.,* 446 F.Supp.2d 1247, 1287 (N.D. Okla. 2006)["To permit the recovery of

3    compensatory damages under both FLSA and the civil rights statutes would mean a

4    double recovery for plaintiffs for the same harm."]

5           Consequently, due to the elaborate and comprehensive enforcement structure

6    of the FLSA, there is a presumption that neither federal nor state law remedies may

7    be appended to an FLSA claim.  And, as is the case here, where state law remedial

8    claims are based exclusively on purported FLSA violations, such claims fail as a

9    matter of law.

10   **2.    Esparza's Labor Code Section 203 and Business & Professions**

11   **Code Section 17200 Claims Are Barred by the Plain Language of**

12   **the FLSA.**

13   California Labor Code section 203 provides:

14           [I]f an employer willfully fails to pay, without abatement

15           or reduction, . . . any wages of an employee who is

16           discharged or who quits, the wages of the employee shall

17           continue as a penalty from the due date thereof at the

18           same rate until paid or until an action therefore is

19           commenced.

20           There is no such remedial provision under the FLSA.  *See Mersnick v.*

21   *USProtect Corp.*, 2006 WL 3734396, *8 (N.D. Cal. 2006) ["…the FLSA does not

22   provide for penalties for failure to pay wages within a specific period of time

23   during employment or after termination of employment"].  Instead, Congress

24   employed a different remedial mechanism in the FLSA to penalize employers for

25   failing to promptly pay compensation required by the FLSA.  Specifically, the

26   remedial section of the FLSA, section 216(b), provides:

27           [A]ny employer who violates the provisions of section

28           206 or section 207 of this title shall be liable to the

1                 employee or employees affected in the amount of their. . .

2                 unpaid overtime compensation, as the case may be, and in

3                 an *additional equal amount as liquidated damages.*

4 29 U.S.C. § 216(b) [emphasis added]. Because Congress provided for liquidated

5 damages when an employer willfully violates the statutory provisions but omitted

6 any concept of additional recoverable penalties or compensation, a plain reading of

7 the FLSA's remedial language leads to the conclusion that Congress did not intend

8 for FLSA plaintiffs to recover "waiting time penalties."

9       For example, in *Roman v. Maietta Const., Inc.,* 147 F.3d 71 (1st Cir. 1998), a

10 plaintiff in a FLSA action sought to recover penalties provided under Maine law

11 for late wage payments. The Court affirmed the dismissal of the plaintiff's state

12 law claims based on the exclusive remedy doctrine. The Court noted that "the

13 FLSA is the exclusive remedy for enforcement of rights created under the FLSA,"

14 and that "the plaintiff cannot circumvent the exclusive remedy prescribed by

15 Congress by asserting equivalent state claims in addition to the FLSA claim." *Id.*

16 at 76. The same analysis applies to Esparza's attempt to circumvent the FLSA's

17 remedial scheme through the use of California's waiting time penalty statute.

18       Esparza's section 17200 claim fares no better. The California Supreme

19 Court repeatedly has held that under section 17200 prevailing plaintiffs are

20 generally limited to injunctive relief and restitution. *See Korea Supply Co. v.*

21 *Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). However, the FLSA makes

22 no mention of "restitution," nor does it allow private actions for injunctive relief.

23 Indeed, courts have uniformly held that the right to seek injunctive relief for

24 violation of the FLSA rests exclusively with the Secretary of Labor, except for

25 narrow exceptions expressly carved out in the statute. *See e.g., Rosenburg, supra,*

26 2007 WL 2043855 at 3; *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998)

27 [collecting cases]. Thus, Esparza's section 17200 claim seeks remedies that are

28 found nowhere in the FLSA's "elaborate" enforcement and remedial scheme.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

9

SACV 09-00099 AG (RNBx)

Of course, where plaintiffs have alleged violation of *substantive California wage and hour laws,* some District Courts in this Circuit have permitted section 17200 claims to coexist with FLSA claims.[6]  However, Esparza pleads no violation of substantive California wage and hour laws here (nor could he), and those cases are distinguishable.

Critically, in all of the District Court decisions where a FLSA claim and a section 17200 claim coexisted, the plaintiff or plaintiffs *alleged separate state law causes of action for overtime or meal and rest period violations under California law*, providing an independent basis to apply the remedial expansions of section 17200.  *See e.g., Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal. 2006) [meal and rest period claims and California overtime claim]; *Barnett v. Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. 2004) ["In this case, however, plaintiffs' claim is for unpaid overtime and therefore can be characterized as a *state wage claim*"] [emphasis added]; *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996) [variety of tort claims and state wage and hour claims].

In others, not only did plaintiffs allege substantive claims for violation of California's wage and hour laws, the courts confined their analysis to the issue of class certification.  *See e.g., Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Romero, supra*. at 480.

And in still other decisions, the defendants challenged the coexistence of FLSA and section 17200 claims on *preemption* grounds, which is a different assertion than Aladdin makes here -- that the FLSA provides the exclusive remedy

---

[6] *See Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal.2006); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F.Supp.2d 898 (C.D. Cal. 2005); *Barnett v. Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. 2004); *Bahramipour v. Citigroup Global Markets, Inc.*, 2006 WL 449132 (N.D. Cal. 2006); *Takacs v. A.G. Edwards and Sons, Inc.*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006); *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996).

1  for violation of its provisions.  *See Bahramipour v. Citigroup Global Markets, Inc.*,

2  2006 WL 449132 (N.D. Cal. 2006); *Takacs v. A.G. Edwards and Sons, Inc.*, 444 F.

3  Supp. 2d 1100 (S.D. Cal. 2006).  Significantly, not one of these decisions held that

4  a section 17200 claim is viable where the only predicate violation is an alleged

5  failure to pay wages under the FLSA.  In fact, based on the procedural background

6  and the substantive state law claims alleged in the foregoing cases, none of these

7  District Courts evaluated Congress' intent regarding the exclusive remedy doctrine

8  and the FLSA.  Nor did those courts analyze the propriety of using section 17200

9  solely to augment the remedial provisions of the FLSA as opposed to expanding

10  state law remedies.

11       Here, Esparza's section 17200 claim is not anchored to a violation of any

12  substantive California law.  On the contrary, he relies solely on the FLSA.[7]

13  Therefore, each of the cases referred to above, where a section 17200 claim

14  proceeded alongside FLSA *and state law claims*, are significantly different from

15  the situation before this Court.  Unlike the foregoing decisions, where the plaintiffs

16  tethered their section 17200 claim to state law violations, Esparza seeks to use a

17  state statute to expand a federal statute that has been described as having "an

18  unusually elaborate enforcement scheme."  Such a sweeping revision of the FLSA

19  would be unprecedented and, given recent Ninth Circuit authority, contrary to law.

20       Notably, in *Sullivan v. Oracle Corp.*, 547 F.3d 1177 (9th Cir. 2008), the

21  Ninth Circuit affirmed the trial court's dismissal of non-resident plaintiffs' section

22  17200 claim predicated on violations of the FLSA, holding that section 17200 did

23  not have such extraterritorial reach.  Though the Ninth Circuit subsequently

24  withdrew the decision and certified the question to the California Supreme Court

25  [*see Sullivan v. Oracle Corp.*, 557 F.3d 979 (9th Cir. 2009)], the decision

26

27  [7] As discussed below, Esparza's Labor Code claim for waiting time penalties
cannot support a section 17200 claim as a matter of law.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

11

SACV 09-00099 AG (RNBx)

1  nevertheless reflects the Ninth Circuit's unease when litigants use a broad and
2  indiscriminate *state* law such as section 17200 to append additional remedies to the
3  clear, elaborate and comprehensive remedial provisions of the FLSA.[8]

4       In sum, Esparza seeks to use section 17200 as a state law tail to wag a
5  federal dog.  However, the exclusive remedy doctrine does not allow such sleight
6  of hand.

7  **B.   Esparza's State Law Claims Are Duplicative and Would Lead to Double**
8        **Recovery.**

9       Esparza already seeks recovery for unpaid overtime compensation allegedly
10  owed to him under the FLSA with his first and fourth counts.  With his state law
11  claims, however, he purports to seek additional penalties and restitution for the
12  *same alleged unpaid overtime* compensation due under his FLSA claims.  He also
13  seeks restitution for amounts allegedly due to others under the FLSA, and attempts
14  to add on a fourth year of liability that is found nowhere in the FLSA.  He cannot
15  do so.

16       **1.   Esparza's State Law Claims are Duplicative.**

17       To begin, Esparza's waiting time cause of action is a state law remedial
18  claim that is anchored to his FLSA claims.  This claim does not seek penalties for
19  violation of any "more favorable" substantive California law.  Indeed, California's
20  commissioned sales exemption is *less favorable* to employees.[9]  Thus, Esparza

21  _____

22  [8] Notably, in *Sullivan, supra,* the trial court and the Ninth Circuit also rejected the
    non-residents' use of section 17200 in part because, as non-residents, they could
23  not assert wage claims under California law for work not performed in California.
    *See Sullivan v. Oracle Corp.,* 557 F.3d 979, 982 (9th Cir. 2009).  In effect, the trial
24  court and the Ninth Circuit concluded that section 17200 did not apply because
    plaintiffs had no viable California wage claim.  Here, Esparza has alleged no
25  substantive California wage claim.  Though the extraterritorial reach of section
    17200 is not an issue here, Esparza's use of section 17200 is no less improper.
26  [9] Unlike the FLSA exemption Esparza challenges in this case, California's
27  commissioned sales exemption contains no "retail concept." *See* Cal. Wage Order
    4-2001(3)(D) (commissioned sales exemption applies where employee's earnings
28  (footnote continued on next page)

1   simply twins his Labor Code section 203 and FLSA claims to enlarge his pool of

2   remedies.

3          The same is true with Esparza's section 17200 claim.  Section 17200 is not a

4   state wage law purporting to provide more protection to employees.  Rather, it is an

5   indiscriminate unfair competition law that is violated by any unlawful, unfair or

6   fraudulent business act or practice.  *See* Cal. Bus. & Prof. Code § 17200.  And

7   because Esparza's section 17200 claim seeks restitution for underlying violations

8   of the FLSA, it is even less appropriate to apply section 17200, as Esparza does

9   here, to supplement a carefully crafted federal statute.[10]  Indeed, "…the FLSA was

10  also intended to prevent unfair competition resulting from the use of underpaid

11  labor."  *McMaster v. State of Minn.,* 30 F.3d 976, 980 (8th Cir. 1994); *see also* 29

12  U.S.C. § 202(a)(3); *Watson v. Graves,* 909 F.2d 1549, 1554 (5th Cir. 1990) ["Such

13  a situation is fraught with the very problems that FLSA was drafted to prevent-

14  grossly unfair competition among employers and employees alike."]  Thus,

15  Esparza's section 17200 claim is redundant.

16         "Moreover, almost without exception, the District Courts that have

17  considered the question" have reached the same result -- that state law claims that

18  merely duplicate or depend on the FLSA are legally defective.  *See Lopez v. Flight*

19  *Servs. & Sys., Inc.*, 2008 WL 203028, at *5-7 (W.D.N.Y. 2008).  Indeed, the Ninth

20  Circuit has observed that "[C]laims that are directly covered by the FLSA (such as

21  overtime and retaliation disputes) must be brought under the FLSA."  *Williamson*

---

22  (footnote continued from previous page)

23  exceed one and one-half times the state's minimum wage, and more than fifty

24  percent of each employee's earnings are derived from commissions.)

25  [10] Esparza seeks to do so even though he alleges no new or additional facts in
    support of his section 17200 claim.  (Compl. ¶ 41) [realleging and reincorporating

26  by reference all preceding paragraphs in the Complaint].  Indeed, he never states
    what law or right – other than those rights conferred by the FLSA – affords him the

27  remedies provided by section 17200.  Thus, on its face, his section 17200 claim is
    duplicative of his FLSA claims.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

13

SACV 09-00099 AG (RNBx)

1    *v. General Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000).  Other courts are

2    in accord.  *See Anderson v. Sara Lee Corp., supra,* 508 F.3d at 194 (4th Cir. 2007)

3    [citing to the rulings of several district courts and dismissing duplicative state

4    claims]; *Choimbol v. Fairfield Resorts, Inc.,* 2006 WL 2631791, at *4-6 (E.D. Va.

5    2006); *Moeck v. Gray Supply Corp.*, 2006 WL 42368, at *2 (D.N.J. 2006); *Chen v.*

6    *St. Beat Sportswear, Inc.*, 364 F.Supp.2d 269, 292-93 (E.D. N.Y. 2005); *Morrow v.*

7    *Green Tree Servicing, L.L.C.*, 360 F.Supp.2d 1246, 1252-53 (M.D. Ala. 2005);

8    *Sorensen v. CHT Corp.*, 2004 WL 442638, at *5-7 (N.D. Ill. 2004); *Johnston v.*

9    *Davis Sec., Inc.*, 217 F.Supp.2d 1224, 1227-28 (D. Utah 2002).

10       Accordingly, where state law claims are based on the same factual predicates

11   as an FLSA claim, they are duplicative of the FLSA claim and must be brought

12   under the FLSA.  *See Williamson, supra,* 208 F.3d at 1151 ["[c]laims that are

13   directly covered by the FLSA … must be brought under the FLSA"]; *Flores v.*

14   *Albertson's, Inc.,* 2003 WL 24216269, *5 (C.D. Cal. 2003) [following

15   *Williamson's* instruction that "[c]laims that are directly covered by the FLSA (such

16   as overtime and retaliation disputes) must be brought under the FLSA"]; *Sorenson,*

17   *supra,* 2004 WL 442638, at *7 (N.D. Ill. 2004) [concluding that common law claim

18   for conversion that depended on FLSA violation was "not properly before this

19   court"]; *Johnston, supra,* 217 F. Supp.2d at 1228 ["The factual circumstances

20   present in this case do not give rise to actions separate from plaintiff's FLSA

21   claims"]; *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) [plaintiff's

22   claim for negligent failure to pay overtime was duplicative of claim for unpaid

23   overtime; summary adjudication granted to defendant on negligence claim.]

24       So it is here.  Esparza alleges no new rights or factual allegations to support

25   his waiting time penalty and section 17200 claims.  Thus, Esparza's section 17200

26   claim and his claim for waiting time penalties -- based solely on an alleged FLSA

27   violation -- are duplicative and cannot stand.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

14

SACV 09-00099 AG (RNBx)

**2.      Esparza's State Law Claims Would Result in Double Recovery.**

Federal courts have recognized there is no right to double recovery, even when plaintiffs plead parallel FLSA and state law wage claims. *See Anderson, supra*, 508 F.3d at 193 [dismissing state law claims because plaintiffs "rely on the FLSA for their rights, and they invoke state law only as the source of remedies for the alleged FLSA violations"]; *Roman v. Maietta Const., Inc.,* 147 F.3d 71, 76 [dismissing claim for penalties provided by state law for late wage payments.] Put differently, FLSA plaintiffs do not get two helpings of overtime compensation when they plead FLSA and state overtime claims. Rather, the "exclusive" remedial structure of the FLSA entitles employees to a single, "make-whole" recovery, including liquidated damages when supported by the evidence.

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) is instructive on this score. In that case, one of the plaintiffs obtained an award of overtime compensation under the FLSA, liquidated damages, *and an additional award of prejudgment interest. Id.* at 715. The Supreme Court granted certiorari "limited to the question of the propriety of allowing interest on recoveries of unpaid overtime compensation and liquidated damages under the [FLSA]." *Id.* The Court began by noting the purpose of the liquidated damages provision of the FLSA: "Section 16(b) authorizes the recovery of liquidated damages as compensation for delay in payment of sums under the Act." *Id.* The Court then explained:

> [S]ince Congress has seen fit to fix the sums recoverable
> for delay, it is inconsistent with Congressional intent to
> grant recovery of interest on such sums…*[T]o allow an*
> *employee to recover the basic statutory wage and*
> *liquidated damages, with interest, would have the effect*
> *of giving an employee double compensation for damages*
> *arising from delay in the payment.*

*Id.* [emphasis added.] The Court concluded, "[C]ongress, by enumerating the sums

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

15

SACV 09-00099 AG (RNBx)

1   recoverable in an action under Section 16(b), meant to preclude recovery of interest

2   on minimum wages and liquidated damages." *Id.* at 715-716; *see also Brock v.*

3   *Shirk*, 833 F.2d 1326, 1331 (9th Cir. 1987) [rejecting prejudgment interest for

4   FLSA violation and stating "[W]e have determined that liquidated damages are

5   mandated by statute.  Only one such 'make whole' remedy is proper here."][11]

6       As a practical matter, there is no difference between pre or post-judgment

7   interest, on the one hand, and waiting time penalties or restitution on the other.  In

8   either case, the employee would receive additional compensation beyond his

9   unpaid wages and liquidated damages.  Accordingly, because interest payments are

10  impermissible double recovery where an employee receives liquidated damages,

11  waiting time penalties and restitution likewise constitute improper double recovery.

12      *Roman, supra* 147 F.3d 71, underscores that this analysis applies equally to a

13  plaintiff's attempt to use state law to append remedies to the FLSA.  There,

14  plaintiffs sued for violations of the FLSA and Maine wage and hour laws, and

15  sought penalties provided under Maine law for late wage payments. *Id.* at 76.[12]

16  Affirming the trial court's dismissal of the state law claim, the Court held that since

17  plaintiff " … received compensation under the FLSA for his claims, he cannot

18  recover again under Maine law." *Id.*

19      Esparza may argue that the FLSA does not preclude his state law claims

20  because states are free to enact wage and hour laws that are stricter than the FLSA.

---

21  [11] "Courts . . . continue to hold that liquidated damages under the FLSA serve the
22  purpose of interest, and, thus, the recovery of both is not allowed." *Adams v.*
    *United States*, 48 Fed.Cl. 602, 610 (Fed. Cl. 2001), citing *Uphoff v. Elegant Bath,*
23  *Ltd.*, 176 F.3d 399, 406 (7th Cir.1999); *see also Braswell v. City of El Dorado*, 187
    F.3d 954, 957 (8th Cir.1999); *Department of Labor v. City of Sapulpa*, 30 F.3d
24  1285, 1290 (10th Cir.1994); *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896,
25  910-11 (3rd Cir.1991); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d
    Cir.1988); *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987).
26  [12] The Maine statute at issue required an employer to "pay weekly each employee
27  engaged in its business the wages earned by the employee within 8 days of the date
    of that payment." 26 Me.Rev.Stat. Ann. § 621(1).
28

1   *See Williamson v. General Dynamics, Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000)

2   [noting the existence of the FLSA's "savings clause" that "enables states and

3   municipalities to enact more favorable wage, hour, and child labor legislation"].

4   However, such an argument would be misplaced.

5       Here, it is Esparza's attempt to use the *same facts* underlying his FLSA

6   claims to obtain a *greater remedy* under state law that compels dismissal of his

7   state law claims. *Williamson, supra*, illustrates this point. In that case, plaintiffs

8   alleged that their employer pledged to, but did not, correctly pay overtime, and that

9   the employer falsely promised plaintiffs that they had career jobs. *See Williamson*,

10  208 F.3d at 1152. Although the *Williamson* plaintiffs did not pursue their "wage

11  fraud" claim on appeal, the court noted it would not have been actionable because

12  it was duplicative of plaintiffs' FLSA claim. *Id.* at 1154. Esparza's state law

13  claims here are no different than the duplicative "wage-fraud" claim in *Williamson*

14  – both his waiting time claim and the section 17200 claim, like the duplicative

15  "wage fraud" claim in *Williamson*, derive solely from alleged FLSA violations.

16  *See also Lerwill v. Inflight Motion Pictures,* 343 F.Supp. 1027, 1028-29

17  (N.D.Cal.1972) [dismissing duplicative breach of contract claim and noting "[I]t

18  would be difficult indeed to find any purpose in that careful process if alternative

19  remedies, varying with variations of state law were also to be available in any case

20  in which the alternative seemed more advantageous to the plaintiff-employee

21  seeking to enforce his § 207 rights."][13]

22      As detailed above, Esparza's duplicative state law claims are thus a patent

23  attempt to obtain a greater recovery -- indeed, a double recovery -- than the

24

---

[13] Esparza will likely point to subsequent characterizations of *Lerwill* as a "dubious
precedent." *See e.g., Williamson, supra*, at 1153. However, the *Williamson* court
did not disapprove of *Lerwill's* conclusion that a breach of contract claim in an
FLSA action was an improper effort to get a more favorable remedy. Tellingly,
that is precisely what Esparza is attempting to do here with his section 17200 claim
– obtain a more favorable remedy than what the FLSA provides.

25
26
27
28

1   carefully crafted remedy created by Congress in the FLSA and its ensuing

2   amendments, and by way of a lesser burden of proof.   Accordingly, the Court

3   should grant Aladdin's motion for judgment on the pleadings as to Esparza's

4   second and third causes of action.

5   **C.      Esparza's Section 17200 Claim Would Eviscerate the FLSA's Statute of**

6          **Limitations and Burden of Proof.**

7         Esparza's section 17200 claim relies on the same factual nucleus as the

8   FLSA claims he pleads in the first and fourth counts of the Complaint.  Thus, his

9   section 17200 claim is a thinly veiled attempt to elude the "detailed and carefully

10  defined right of action" created by Congress in enacting the FLSA, namely the two

11  or three year statute of limitations (including the "willfulness" finding required for

12  a three year limitations period) and the "opt-in" procedure for FLSA collective

13  actions.

14        Esparza already seeks to recover for Aladdin's alleged violations of section

15  7(a)(1) of the FLSA, and he properly does so employing the right of action

16  Congress created in section 16(b).  (Compl. ¶¶ 21, 23, 26, 29.)  Thus, if he is

17  permitted to use section 17200 to pursue additional recovery for violations of the

18  FLSA, based on the same facts, he will potentially: (1) obtain a significantly

19  greater recovery than Congress contemplated in enacting the FLSA; and (2) obtain

20  a greater recovery without having the Court find Aladdin willfully violated the

21  FLSA.  The Court should not allow Esparza to elude the requirements of the FLSA

22  in this way.

23        The FLSA allows Esparza to recover two years of unpaid wages, and a third

24  year of wages only if Aladdin willfully violated the FLSA.  *See* 29 U.S.C § 255(a).

25  There is no fourth year of liability.  Yet, the FLSA statute of limitations, and the

26  heightened evidentiary burden for a third year of liability, would be rendered

27  meaningless if Esparza could recover restitution, by way of his Section 17200

28  claim, of unpaid overtime compensation for a period going back four years before

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

18

SACV 09-00099 AG (RNBx)

1   he filed his Complaint.  Indeed, if Esparza is allowed to apply section 17200 to his

2   FLSA claims, he would escape the burdens of production and proof that the FLSA

3   requires of plaintiffs suing under its provisions.  That Aladdin's FLSA liability

4   would be expanded in such a manner without a finding that it acted willfully only

5   underscores the impropriety of Esparza's section 17200 claim.  *See Anderson,*

6   *supra,* 508 F.3d 181, 193 (4th Cir. 2007)[dismissing state law claims that relied

7   solely on FLSA violations, applied a three year statute of limitations without proof

8   of willfulness, and sought  remedies that were "… more generous than those

9   provided in the FLSA enforcement scheme."][14]

10      In sum, allowing Esparza to bootstrap his section 17200 claim -- with its

11   longer statute of limitations and relaxed evidentiary burden -- to his FLSA claims

12   would turn the thoughtful and balanced protections of the FLSA on its head.

13   Aladdin would be exposed to a third year of liability in the absence of any

14   willfulness as required under 29 U.S.C section 255(a) and would be subject to a

15   fourth year of liability that Congress never intended when crafting the FLSA.

16  **D.    Esparza's State Law Claims Would Distort the FLSA's Collective**

17  **       Action Procedural Mechanism and Lead to Confusion.**

18      The FLSA permits plaintiffs to represent only those employees who have

19   consented in writing to become parties to a lawsuit.  *See* 29 U.S.C. § 216(b).  Thus,

20   for an FLSA claim, the procedures of Rule 23 of the Federal Rules of Civil

21   Procedure, which permit recovery for persons not joined as named parties, are not

22   used.  *See e.g., LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir.

23   1975).  Here, however, Esparza would defang the FLSA's opt-in requirement if he

24   is permitted to recover restitution, by way of a section 17200 claim, for unpaid

25

26   [14] As discussed below, the only purpose to Esparza's state law claims is to trigger
     his ability, or that of his counsel, to circumvent the FLSA's "opt-in" procedure for
27   collective actions and seek greater gains, particularly attorneys' fees, through a
     Rule 23 "opt-out" class action.
28

1   overtime compensation allegedly due under the FLSA for others similarly situated

2   to himself, or adversely affected by Aladdin's conduct, without regard to whether

3   those persons have "opted-in" to this action.  The creation of this "opt-out" class

4   for what is clearly an FLSA action would also cause procedural confusion and

5   class notice problems.  Therefore, the Court should dismiss Esparza's section

6   17200 claim on this ground alone.

7          As a threshold matter, a state law opt-out class here would create discord

8   with the carefully designed collective action procedures of the FLSA.  Esparza

9   would be able to rake in a Rule 23 "opt-out" class and avoid the FLSA's more

10  restrictive "opt-in" representative measures merely by alleging state law wage

11  claims, despite the fact that those state law claims *would not exist but for alleged*

12  *FLSA violations.*  There is no authority for such procedural sleight of hand.

13  Indeed, the policy behind requiring FLSA plaintiffs to opt in to collective actions

14  "[w]ould be thwarted if a plaintiff were permitted to back door the shoehorning in

15  of unnamed parties through the vehicle of calling upon similar state statutes that

16  lack such an opt-in requirement."  *Rodriguez v. The Texan, Inc.,* 2001 WL

17  1829490, *2 (N.D. Ill. 2001).

18         Equally important, the opt-out class created by Esparza's state law claims

19  would create an unnecessarily complicated "hybrid" action.  *See Edwards v. City of*

20  *Long Beach,* 467 F.Supp.2d 986, 992 (C.D. Cal. 2006) [if " … both an [FLSA

21  collective action] and a Rule 23 class action were allowed to proceed, confusion

22  would result from requiring potential plaintiffs to both opt-in and opt-out of the

23  claims in the suit."]  Several courts have found such "hybrid" actions create

24  insurmountable procedural infirmities.  For example, in denying certification of

25  state law wage claims under Rule 23 in an FLSA action, the court in *Leuthold v.*

26  *Destination America, Inc.,* 224 F.R.D. 462 (N.D. Cal. 2004) noted "[c]onfusion

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

20

SACV 09-00099 AG (RNBx)

1   would likely result in asking potential plaintiffs both to opt in and to opt out of the

2   claims in th[e] suit." *Id.* at 469.[15]  The court was further concerned that there

3   would be "[a] large number of plaintiffs in the state law class who have not chosen

4   to prosecute their federal claims." *Id.*  Similarly, in *Edwards, supra,* the court

5   cautioned against the procedural discord created by "hybrid" actions, noting that

6   Rule 23 should not be used " … as a rake to drag as many members as possible into

7   what would otherwise be a federal collective action." *Edwards, supra*, at 993

8   [quoting *Hasken v. City of Louisville*, 213 F.R.D. 280, 283-84 (W.D. Ky. 2003).]

9        Here, Esparza's state law claims would sow the very confusion that has

10   troubled courts confronting dual-filed FLSA and state law claims.  Given the opt-

11   in/opt-out dichotomy, putative members would not opt-in to the FLSA action and

12   not opt-out of the state law class, creating substantial issues of claim preclusion.

13   Indeed, the inherent confusion to such a hybrid action is manifest in the very basic

14   issue of class notice -- would putative members receive a single notice or would

15   two separate notices be sent to class members, and what would the notice(s) say.

16   And a joint FLSA and Rule 23 notice informing putative members that a class has

17   been certified under Rule 23 while only a "notice" class has been certified under

18   the FLSA would impermissibly encourage putative members of the FLSA opt-in

19   class to participate.

20        In sum, Esparza's state law claims would sidestep the FLSA's collective

21   action procedural requirements.  If allowed to proceed, they will only produce

22   confusion.  For this additional reason, the Court should grant Aladdin's motion for

23   judgment on the pleadings as to Esparza's second and third causes of action.

24

25

26

_____

27   [15] Critically, like Esparza's state law claims here, the *Leuthold* plaintiffs' state law
claims were anchored to FLSA violations. *See Leuthold, supra,* at 469.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

21

SACV 09-00099 AG (RNBx)

**E.      Esparza Cannot Anchor His 17200 Claim To His Labor Code Section 203 Claim Or His FLSA Claim For Liquidated Damages**

Business and Professions Code section 17200, also known as the "UCL," provides: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising...."  Business and Professions Code section 17203 provides in relevant part:

> [A]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments ... as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition....

The California Supreme Court repeatedly has held that "under the UCL, 'prevailing plaintiffs are generally limited to injunctive relief and restitution'." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) [quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)]; *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 176 (2000).  Compensatory damages, however, are not available under section 17200.  *See e.g., Korea Supply Co.*, 29 Cal.4th at 1144; *Cortez*, 23 Cal.4th at 173.  The reason for this distinction is that when the legislature enacted section 17200, it sought to "affirm the general equity power of the courts, particularly the power to order restitution." *Cortez*, 23 Cal.4th at 173 [internal quotations omitted].

Courts have held that payments under Labor Code section 203 are not "earned wages" because section 203 provides for compensation for time that was never worked. *See Tomlinson v. Indymac Bank, F.S.B.* 359 F.Supp.2d 891, 895 (C.D. Cal. 2005).  Instead, the payments under section 203 are considered a

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

22

SACV 09-00099 AG (RNBx)

1  penalty. *See Tomlinson*, 359 F.Supp.2d at 895; *Naranjo v. Spectrum Sec. Services,*
2  *Inc.,* 172 Cal.App.4th 654, 668 (2009).

3        Accordingly, because it is well-settled that the penalties imposed for
4  violating Labor Code section 203 are not restitutionary, a violation of section 203
5  cannot serve as the predicate for a section 17200 cause of action. *See Tomlinson,*
6  *supra*, at 895; *Villegas v. J.P. Morgan Chase & Co.*, 2009 WL 605833, *6 (N.D.
7  Cal. 2009) ["The Section 17200 claim is dismissed for failure to state a claim based
8  on violations of California Labor Code Sections 203 and 226"]; *Campbell v.*
9  *Pricewaterhouse Coopers,* 2008 WL 3836972, *6 (E.D. Cal. 2008) [striking
10  section 17200 claim based on violation of Labor Code section 203]; *Montecino v.*
11  *Spherion Corp.,* 427 F.Supp.2d 965, 967 (C.D. Cal. 2006) [holding section 203
12  claim could not support a section 17200 claim because payments under Section
13  203 are penalties]; *Rubin v. Wal-Mart Stores, Inc.*, 599 F.Supp.2d 1176, 1179
14  (N.D. Cal. 2009) ["[M]oreover, neither Section 203 nor Section 226 can provide a
15  basis for a section 17200 claim, given that both statutes provide for a penalty,
16  rather than wages"].

17        Nor can Esparza tether his 17200 claim to his cause of action for liquidated
18  damages under the FLSA.  In *Tomlinson v. Indymac Bank, F.S.B.*, 359 F.Supp.2d
19  891 (C.D. Cal. 2005), plaintiffs tried to apply the four-year statute of limitations of
20  section 17200 to their claim for liquidated damages under the FLSA.  Granting, in
21  part, the employer's motion for judgment on the pleadings, the court held that
22  liquidated damages under the FLSA are not recoverable under section 17200.
23  Evaluating the language of section 216(b), the Court in *Tomlinson* concluded that
24  "[T]he first part of Section 216(b) is restitutionary, the liquidated damages
25  provision is not." *Id.*  Accordingly, the court held that "[P]laintiffs' claims based
26  on Section 203 and Section 216(b) are not restitutionary, and thus not recoverable
27  under the UCL." *Id.* at 898.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Ps & As ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

23

SACV 09-00099 AG (RNBx)

1    For these additional reasons, the Court should dismiss Esparza's section

2  17200 claim.[16]

3                                    IV.

4                              CONCLUSION

5    For the reasons set forth herein, Aladdin, requests that the Court grant its

6  motion for judgment on the pleadings as to the second and third causes of action

7  and dismiss those claims, with prejudice.

8    In the alternative, and pursuant to Rule 12(f)(1) of the Federal Rules of Civil

9  Procedure, Aladdin requests that the Court strike from the Complaint, as specified

10  in its Notice of Motion, all references to a four year limitations period, or any

11  reference or request for recovery of liquidated damages or penalties extending back

12  four years, and requests an order limiting plaintiff's Labor Code claim to one year

13  and his FLSA claims to two years or, if willfulness is established, three years.

14

15  Dated: June 25, 2009                    PAUL, PLEVIN, SULLIVAN &
                                            CONNAUGHTON LLP

16

17                                          By: *Fred M. Plevin /s/*
                                            FRED M. PLEVIN
18                                          GREGORY A. KLAWITTER
                                            Attorneys for Defendant
19                                          TWO JINN, INC.

20

21

22  [16] In the event the Court does not dismiss Esparza's section 17200 claim, Esparza's
     recovery on his waiting time penalty claim and his FLSA liquidated damages claim
23   should not reach back four years under the limitations period of section 17200. *See
     McCoy v. Superior Court*, 157 Cal.App.4th 225, 233 (2007) [one-year statute of
24   limitations for section 203 claims seeking waiting time penalties]; *Ross v. U.S.
     Bank Nat. Ass'n*, 2008 WL 4447713, *4 (N.D. Cal. 2008) [cause of action seeking
25   only waiting time penalties under Section 203 governed by one-year statute of
     limitations]; *Tomlinson, supra*, at 898 [section 17200 statute of limitations did not
26   apply to recovery of liquidated damages under FLSA]. Pursuant to Rule 12(f)(1)
     of the Federal Rules of Civil Procedure, the Court should strike Esparza's
27   references to a four-year statute of limitations in the Complaint.

28