O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>TWO JINN, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. SACV 09-0099 AG (RNBx)<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

This putative class action challenges an employer's failure to pay its employees overtime compensation. Defendant Two Jinn, Inc. ("Defendant" or "Two Jinn") has filed a motion for judgment on the pleadings ("Motion"). Because Defendant has not established that Plaintiff's state and federal claims cannot coexist, Defendant's Motion is DENIED.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint, and for the purposes of this Motion, the Court assumes them to be true.

Defendant Two Jinn, doing business as "Aladdin Bail Bonds," sells bail bonds at stores in California, Idaho, and Washington. (Compl. ¶ 4.) From 2005 until 2008, Plaintiff David

Esparza ("Plaintiff" or "Esparza") worked for Two Jinn as a "bail agent" at Two Jinn's Oakland, California location. (Compl. ¶ 3.) As bail agents, Plaintiff and other employees were regularly scheduled to, and did, work more than forty hours each work week without receiving overtime compensation. (Compl. ¶ 23.) Those overtime hours were worked "with the knowledge, consent and acquiescence" of the employees' supervisors. (Compl. ¶ 23.)

Based on these facts and others, Plaintiff has brought four claims against Two Jinn, numbered as follows: (1) willful violation of Section 207 of the federal Fair Labor Standards Act; (2) violations of Sections 201, 202, and 203 of the California Labor Code; (3) violation of Section 17200 of the California Business and Professions Code (California's "Unfair Competition Law" or "UCL"); and (4) willful violation of Section 207(o) of the federal Fair Labor Standards Act. Two Jinn now moves for judgment on the pleadings as to Plaintiff's second and third claims, or, in the alternative, to strike certain allegations from the Complaint.

**LEGAL STANDARD**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rules 12(b)(6) and 12(c) are substantively identical. *See* William W. Schwartzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319. For a 12(c) motion, the Court accepts the allegations of the non-moving party as true. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir 1984)). If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings. Id. "While 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993) and Schwarzer et al., § 9:340 (1997) (common practice to permit "partial judgment on the

2

pleadings")).

**DISCUSSION**

**1.     MOTION FOR JUDGMENT ON THE PLEADINGS**

Two Jinn moves for judgment on the pleadings as to Plaintiff's second claim under the California Labor Code and Plaintiff's third claim under the California Unfair Competition Law. Two Jinn argues that these claims cannot coexist with Plaintiff's federal claims under the Fair Labor Standards Act. The Court disagrees.

Plaintiff's first and fourth claims for relief seek damages under the federal Fair Labor Standards Act ("FLSA") for failure to pay overtime wages. Under the FLSA, employers are not required to pay overtime compensation to highly-paid, commissioned employees of a "retail or service establishment." *See* 29 U.S.C. § 207(i); 29 C.F.R. § 779.318(a); 29 C.F.R. § 779.411. Here, Plaintiff argues that Two Jinn stores do not qualify as retail or service establishments under the FLSA, and Two Jinn was thus not exempt from paying its bail agents overtime compensation. California law also exempts employers from paying certainly highly commissioned sales employees, but does not limit that exemption to employers qualifying as "retail or service establishments." Accordingly, Plaintiff does not seek overtime wages under California law.

Instead, Plaintiff's state law claims seek remedies based on Two Jinn's alleged FLSA violations. Specifically, Plaintiff's second claim under the California Labor Code seeks statutory penalties based on Defendant's "failure to pay Plaintiff and Class Members their overtime wages earned and unpaid under the FLSA at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ." (Compl. ¶ 39.) Plaintiff's third claim under the UCL is based solely on "Defendant's failure to pay overtime in violation of the FLSA" and seeks restitution of uncompensated overtime and injunctive relief. (Compl. ¶¶ 43, 44.)

Defendant first argues that the "exclusive remedy" doctrine bars Plaintiff's state law

3

1   claims based on alleged FLSA violations. That doctrine states that where a statute expressly
2   provides certain remedies, a plaintiff cannot add remedies for violations of that statute. *Nat'l*
3   *R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974); *see also*
4   *Yeagley v. Wells Fargo & Co.*, 2006 WL 193257, at *2 (N.D. Cal. 2006) (holding that "it is an
5   elemental cannon of statutory construction that where a statute expressly provides a particular
6   remedy or remedies, a court must be wary of reading others into it").  Defendant argues that the
7   FLSA itself provides exclusive remedies for FLSA violations, and Plaintiff's state claims based
8   on FLSA violations therefore cannot stand.
9          Courts in the Ninth Circuit, however, pointing to the statute's "savings clause" allowing
10  states to enact wage and overtime laws stricter than the FLSA, have held that the exclusive
11  remedy doctrine does not necessarily bar plaintiffs from pursuing other claims based on FLSA
12  violations.  "[The] assumption that the FLSA is the exclusive remedy for claims duplicated by or
13  equivalent of rights covered by the FLSA is incorrect."  *Barnett v. Washington Mutual Bank,*
14  *F.A.*, 2004 U.S. Dist. LEXIS 18491, at *20 (N.D. Cal. 2004) (citing *Williamson v. General*
15  *Dynamics*, 208 F.3d 1144, 1151-52 (9th Cir. 2000)).  "While the FLSA may be a comprehensive
16  remedy . . . the 'savings clause' indicates that it does not provide an exclusive remedy."
17  *Williamson*, 208 F.3d at 1151.  None of the authority cited by Defendant establishes that Plaintiff
18  may not pursue claims under the California Labor Code or California Unfair Competition Law
19  for violations of the federal Fair Labor Standards Act.  In fact, several courts in this Circuit have
20  allowed Unfair Competition Law claims premised on violations of the Fair Labor Standards Act.
21  *See, e.g.*, *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *Greene v.*
22  *Robert Half Int'l, Inc.*, 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006); *Aguayo v.*
23  *Oldenkamp Trucking*, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005).
24         Defendant next argues that Plaintiff cannot recover waiting time penalties under the
25  California Labor Code because he is not owed wages under California law.  Defendant cites to
26  Section 203 of the California Labor Code, which provides waiting time penalties where an
27  employer has willfully failed to pay wages "in accordance with Sections 201, 201.3, 201.5, 202,
28  and 205.5" of the Code.  Cal. Labor Code § 203(a).  But Section 202, for example, outlines when

a quitting employee's wages "become due and payable" and how an employer may pay those wages. Nothing in the section requires that the wages "due and payable" be wages mandated by California law and not federal law. In other words, nothing in the plain language of California Labor Code Section 203 bars Plaintiff from seeking waiting time penalties for wages owed under federal law.

Finally, Defendant argues that this Court should dismiss Plaintiff's state law claims because allowing a federal opt-in class action and a state law opt-out class action to coexist would cause too much confusion. Numerous district courts in this Circuit and others have allowed such class actions to coexist, and this Court sees no reason to depart from their example. *See, e.g.*, *Romero v. Producers Dairy Foods*, 235 F.R.D. 474 (E.D. Cal. 2006) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state law wage class action); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005) (same); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and New York state law class action); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying both FLSA collective action and Louisiana state law class action); *McLaughlin v. Liberty Mutual Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004) (certifying Massachusetts state law class action where FLSA collective action had already been conditionally certified).

Defendant has not established that Plaintiff's state and federal claims cannot coexist, and Defendant is not entitled to judgment on the pleadings.

**2.      MOTION TO STRIKE**

In the alternative, Defendant requests that the Court strike certain allegations from Plaintiff's Complaint. But Defendant fails to provide sufficient justification for striking those allegations, and the request is DENIED without prejudice.

5

**DISPOSITION**

Defendant's Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

DATED: September 9, 2009

_____
Andrew J. Guilford
United States District Judge