UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPARZA, individually, and on behalf of the general public and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TWO JINN, INC., a California corporation doing business as "Aladdin Bail Bonds;" and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. SACV 09-00099 AG (RNBx)<br><br>[CLASS ACTION]<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:    Andrew J. Guilford<br>Courtroom:    10D<br>Magistrate Judge:    Robert N. Block<br>Courtroom:    6D<br><br>Trial Date:    Not set<br>Complaint Filed:    January 22, 2009 |

After considering all papers filed in support of, and in opposition to, Defendant's Request for a Protective Order Regarding Confidential Information, and upon good cause shown, **IT IS HEREBY ORDERED** as follows:

    1.    When used in this Protective Order, the word "documents" shall have the full meaning ascribed to the term "writings" as set forth in Federal Rule of Evidence 1001(1) and shall include, without limitation, all originals written, recorded or graphic matters and all copies thereof.

///

2. All Confidential Discovery Materials (as defined below in paragraph 5) produced through formal discovery procedures in this action shall be used solely for the prosecution and/or defense of any action between defendant and plaintiff. Any person who has been provided Confidential Discovery Materials in this action shall maintain them in a reasonably secure manner so as to avoid disclosure of their contents.

3. Any document or portions thereof, testimony or other information produced in this action through formal discovery procedures by a party (collectively "Discovery Materials") may be designated "Confidential" by the producing party who has maintained them in a confidential manner and believes in good faith that there is good cause for confidential treatment of the Discovery Materials pursuant to the applicable provisions of the Federal Rules of Civil Procedure or other applicable law.

4. Discovery Materials may also be designated "Attorneys' Eyes Only" by the producing party who has maintained them in a confidential manner and believes in good faith, under applicable law, that the documents and/or testimony is among that considered to be most sensitive and highly confidential by that party. Defendant's documents identified as "Attorneys' Eyes Only" shall be limited to any contracts, including all amendments, endorsements, and appendices, between defendant and any insurance company and/or surety, and materials relating to its marketing/advertising strategy and expenditures and defendant's financial records and related information. If defendant believes that it is necessary to designate any documents other than those identified above as "Attorney Eyes Only," then defendant must meet and confer with plaintiff prior to such designation. If plaintiff does not agree to such designation, then defendant must seek leave of Court.

5. Discovery Materials designated "Confidential" or "Attorneys' Eyes Only" shall be referred to herein as "Confidential Discovery Materials." Materials provided by one party to the other informally in the course of this action may be

brought within the terms of the Protective Order by written notification to counsel receiving such Materials at the time of any such exchange.

     6.     The "Confidential" designation provided for in paragraph 3 of this Protective Order or "Attorneys' Eyes Only" designation provided for in paragraph 4 of this Protective Order may be made at or prior to the time of production of documents by stamping the word "Confidential" or "Attorneys' Eyes Only" on each page of the matter disclosed or conspicuously on the front of other media containing information (e.g., CD or DVD), or, in the case of depositions, as provided in paragraph 7 below. Inadvertent failure to designate materials as "Confidential" or "Attorneys' Eyes Only" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" or "Attorneys' Eyes Only" designation. Upon the service of such notice and supplemental production, the Discovery Materials shall be subject to the Protective Order as if the materials had been initially designated as "Confidential" or "Attorneys' Eyes Only."

     7.     A party may also, in good faith under applicable law, designate as "Confidential," as that term is defined in paragraph 3 above, or "Attorneys' Eyes Only," as that term is defined in paragraph 4 above, that portion of any deposition testimony deemed to contain Confidential Discovery Material by advising the court reporter and counsel of record at the beginning and ending of the testimony containing the confidential information, either orally at the deposition or in writing no later than the earlier of 20 days after the date on which the transcript is received from the court reporter or 10 days before the date on which the transcript is to be filed with the Clerk of the Court. Until the above specified period expires, counsel for the parties shall treat the entire transcript as Confidential Discovery Material. At the request and expense of either party at any time prior to the preparation of the deposition transcript, the reporter shall mark the face of the transcript to designate the beginning and ending of the Confidential and/or Attorneys' Eyes Only portions

and, at the request of the designating party, shall prepare a separate original transcript containing the Confidential and/or Attorneys' Eyes Only material. Copies of the transcript for counsels' use may contain both the confidential testimony and other testimony in a single volume.

8. The disclosing party shall have the right to exclude from attendance at said deposition during such time as information designated "Attorneys' Eyes Only" is to be disclosed to any person other than the deponent, counsel, the court reporter, and a person permitted access pursuant to paragraph 10 below who has signed a Certificate of Compliance, attached as Exhibit "A."

9. No Discovery Materials designated as "Confidential" shall be disclosed directly or indirectly, by the party receiving such information in the action to any person other than:

    a. the Court, necessary court personnel and jurors;

    b. the plaintiff and defendant;

    c. the partners, associates and employees of the attorneys' law firms who are working on this action;

    d. in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

    e. court reporters transcribing depositions or testimony in the action and administrative staff of court reporting agencies as necessary for the processing of the transcript;

    f. any person who lawfully saw documents or information either before or after its designation as "Confidential;"

    g. any expert retained or consulted by any party in connection with this action, provided such persons sign an acknowledgement substantially similar to Exhibit "A";

///

1        h.      non-party deponents at their depositions or non-party witnesses at trial but only to the extent reasonably necessary to give their testimony;

       i.      copy services; and

       j.      any person whom a party intends, in good faith, to call as a witness in any hearing or at trial in the litigation, and that person's attorneys, if other than those described in subsections (c) or (d) above, but only to the extent reasonably necessary to give testimony, provided such persons shall not be entitled to keep copies of Confidential Discovery Materials unless they sign an acknowledgement substantially similar to Exhibit "A".

10.     No Discovery Materials designated as "Attorneys' Eyes Only," shall be disclosed directly or indirectly, by the party receiving such information in the action to any person other than:

       a.      the Court, necessary Court personnel and jurors;

       b.      the partners, associates and employees of the attorneys' law firms who are working on this action;

       c.      in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

       d.      court reporters transcribing depositions or testimony in this action and administrative staff of court reporting agencies as necessary for the processing of the transcript;

       e.      any expert retained or consulted by any party in connection with this action, provided such persons sign an acknowledgement substantially similar to Exhibit "A"; and

///
///

      f.      any employee of defendant who has either created the document or by virtue of his or her job title and/or responsibilities he or she either had knowledge or possession of it in the course of his or her employment, and/or any person designated as the person most knowledgeable as to the substantive information contained within the documents).

11.    All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 9(a)-(j) and 10(a)-(f) above shall be advised of the existence of the Protective Order. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraph 9(g), 9(j) and 10(e) above shall be required to sign an acknowledgement substantially similar to Exhibit "A" and need not produce them except upon order of the Court for good cause shown or by agreement.

12.    The parties will follow and abide by Local Rule 79-5.1 with regard to the filing of documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order. If any documents to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portions are segregable), and the application shall be directed to the judge to whom the papers are directed. For motions, the parties will publicly file a redacted version of the motion and supporting papers.

13.    If at any time any Confidential Discovery Materials governed by the Protective Order are the subject of a subpoena issued to a party who has received Confidential Discovery Materials in this action by any court, administrative or legislative body, or by any other persons or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall promptly give written notice thereof, and include a copy of the

subpoena or request (unless providing disclosure of subpoena or request is prohibited by law or Court order) to any person who has designated such information as "Confidential" or "Attorneys' Eyes Only."  After receipt of the notice specified under this paragraph, the person seeking to maintain the "Confidential" or "Attorneys' Eyes Only" designation shall have the sole responsibility, if it believes it necessary to prevent disclosure of Confidential Discovery Materials, for obtaining an Order from a court having appropriate jurisdiction.  Upon the filing of any such motion to maintain the confidentiality of the materials sought (notice of which shall be given to the person to whom the subpoena is directed), the person to whom the subpoena is directed shall respond timely to the subpoena, but will not allow access to Confidential Discovery Materials until such time as the Court has ruled on the motion filed by the person or entity seeking to preserve the confidentiality of the Discovery Materials, unless otherwise required by law to make an earlier production notwithstanding such motion.  If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) or give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto on the date designated on the subpoena.

       14.    Nothing herein shall impose any restriction on the issue of disclosure by a party of documents or information obtained by such party independently of discovery proceedings herein.

       15.    Entry of the Protective Order shall be without prejudice to any motion or *ex parte* application for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange or use of any document, testimony or other information produced, given or exchanged in the course of

pretrial discovery in this action. If a party disagrees with another party's "Confidential" or "Attorneys' Eyes Only" designation, the challenging party must nevertheless abide by the same until the matter is resolved by agreement or by the Court. There is no time limit for disputing any "Confidential" or "Attorneys' Eyes Only" designation. If at any time a dispute with regard to the designation of particular Confidential Discovery Materials arise, the parties shall meet and confer to resolve that issue within 7 court days of a written request to do so by the party challenging such "Confidential" or "Attorneys' Eyes Only" designation. If the parties cannot reach an agreement, the challenging party must move for an order from the Court for relief from the Protective Order with respect to the challenged documents. The designating party will bear the burden of establishing good cause for the confidential nature of the documents at issue pursuant to Federal Rule of Civil Procedure 26(c). This paragraph does not prevent a party contesting confidentiality from filing a motion at any time permitted by applicable rules or statutes. Any such motion shall comply with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

16. Designated documents may be redacted to remove confidential portions to allow the elimination or reduction of the designation. Any party making such a redaction must notify the designating party of the redaction in writing. If at any time a dispute with regard to the redaction of particular Confidential Discovery Material arises, the parties shall meet and confer to resolve that issue within 7 court days. If the parties cannot reach an agreement, the redacting party must move for an order from the Court for relief from the Protective Order with respect to the redacted documents. The designating party will bear the burden of establishing good cause for the redacted documents at issue to retain the original designation pursuant to Federal Rule of Civil Procedure 26(c). This paragraph does not prevent a party contesting redactions from filing a motion at any time permitted by applicable rules or statutes. Any such motion shall comply with Local Rules 37-1

and 37-2, including the Joint Stipulation requirement.

17. Within 90 days of a written request by a party made after the final and non-appealable termination of this action, Confidential Discovery Materials and all copies thereof shall either: (1) be returned to counsel for the requesting party; (2) be returned to the accountant, auditor, investment banker, attorney or other agent or adviser who provided such information; or (3) shall be destroyed. If the destruction option is elected, a certificate attesting to such must be delivered to counsel for the requesting party within 30 days following such destruction. The Protective Order shall continue to be binding after the conclusion of this action. This paragraph shall not be interpreted to require the return, disclosure or destruction of materials protected by the attorney-client privilege or work product doctrine. In addition, counsel for each party may retain one complete set of deposition transcripts and court filings in this action. However, "Confidential" or "Attorneys' Eyes Only" designated testimony and/or exhibits attached to deposition transcripts and court filings shall be destroyed within the same time frame as set forth above.

18. Any third party witness who testifies or produces documents may obtain the protections of the Protective Order by placing the "Confidential" or "Attorneys' Eyes Only" designation on each page of any documents or other information provided to any of party as to which confidential treatment is sought.

19. The Protective Order may be modified, amended or vacated by further order of the Court upon the noticed motion of any party.

20. The Protective Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

21. The parties have the responsibility, through counsel, to advise each other of any losses or compromises of the confidentiality of information or documents governed by the Protective Order that they have received in this action. Each designating party has the responsibility of notifying any other party if any

1  materials designated "Confidential" or "Attorneys' Eyes Only" are subsequently no
2  longer maintained in a confidential manner or they are disclosed or used in a
3  manner which no longer preserves their confidentiality, or if the designating party
4  no longer considers the materials to be confidential.  Nothing herein shall be
5  construed to limit in any way the parties' use or disclosure of their own documents,
6  materials, or information designated as "Confidential" or "Attorneys' Eyes Only."

Dated: May 12, 2010

_[signature]_
Robert N. Block
United States Magistrate Judge

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

[PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

10

SACV 09-00099 AG (RNBx)

# EXHIBIT A
# CERTIFICATE

I certify my understanding that Confidential Materials are being or may be provided to me pursuant to the terms and restrictions of the Protective Order dated _____, _____, in *David Esparza v. Two Jinn, Inc.*, United States District Court – Central District of California, Case Number SACV 09-00099 AG (RNBx), and that I have been given a copy of and have read the Joint Motion and Protective Order and agree to be bound by it. I understand that all such Confidential Materials and copies thereof, including, but not limited to, any notes or other transcriptions made therefrom, which have not been previously destroyed, shall be returned no later than 30 days after the termination of this action to the counsel who provided such materials to me.

DATED:_____     _____